**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| Plaintiff, | ) ) ) |
| v. | ) Criminal No. 2017-18 |
| **BENJAMIN TORRES RAMOS,** | ) ) ) |
| Defendant. | ) ) |

ATTORNEYS:

**Joycelyn Hewlett, Acting United States Attorney**
**Sigrid Tejo-Sprotte, AUSA**
United States Attorney's Office
St. Thomas, VI
   *For the United States of America,*

**Carl R. Williams**
Smith, Williams, PLLC
St. Thomas, VI
   *For defendant Benjamin Torres Ramos.*

## ORDER

**GÓMEZ, J.**

Before the Court is the application of Benjamin Torres Ramos ("Ramos") to waive his speedy trial. For the reasons stated herein, the time to try this case is extended up to and including June 23, 2017.

While the Speedy Trial Act requires that a defendant be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice for several reasons. First, an extension is

necessary to allow Ramos's new counsel time to familiarize himself with the matter. Second, the defendant made this request with the advice and consent of counsel. Third, without an extension, the parties would be denied reasonable time necessary to explore plea options and prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an ends of justice continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994)(citing *United States v. Dota*, 33 F.3d 1179(9th Cir. 1994)("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial . . . even though a case is not complex")); *see also United States v. Brooks*, 697 F.2d 517, 522 (3d Cir. 1982), *cert. denied*, 460 U.S. 1071(1983)(no abuse of discretion where district court found that multiple count, multiple defendant "case was complex and required additional time for adequate preparation."); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992)("district court did not abuse its discretion [by delaying trial] to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense.").

The premises considered; it is hereby

**ORDERED** that the time beginning from the date of this order granting an extension through June 23, 2017, shall be excluded in computing the time within which a trial must be initiated pursuant to 18 U.S.C. § 3161.

                                                  S\_____
                                                  **Curtis V. Gómez**
                                                  **District Judge**